IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent, | * | |
| | * | |
| vs. | * | No. 4:04CR00272 SWW |
| | * | (No. 4:07CV00016 SWW) |
| TONELLE BROWN, | * | |
| | * | |
| Petitioner. | * | |

**Memorandum Opinion and Order**

On September 9, 2005, Tonelle Brown pleaded guilty to possession with intent to

distribute cocaine base.  On March 10, 2006, the Court sentenced Brown to 78 months

imprisonment.  Judgment was entered on March 14, 2006.  The Eighth Circuit dismissed

Brown's appeal as untimely on July 27, 2006.  Now before the Court is Brown's motion to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The government

responded in opposition to the motion.  The Court held an evidentiary hearing on July 5, 2007.

For the reasons that follow, the Court finds the motion should be denied.

**Background**

Brown was indicted on December 8, 2004, for three counts of violating 21 U.S.C. § 841.

According to Count 1 of the indictment, on or about July 23, 2003, Brown possessed with the

intent to distribute and distributed approximately 79.1 grams of crack cocaine.  Count 2 charges

that on or about January 7, 2004, Brown possessed with the intent to distribute more than 50

grams of crack cocaine.  Count 3 charges that on or about January 7, 2004, Brown knowingly

and intentionally distributed approximately 49.8 grams of crack cocaine.

The government states that on January 7, 2004, the same confidential informant who purchased illegal drugs from Brown in July 2003 arranged for another buy from Brown. The purchase took place after Brown met up with the confidential informant and the undercover agent in the agent's car. The undercover agent gave Brown $750.00 for one ounce of crack cocaine. During the purchase, Brown displayed a second ounce of crack cocaine that he offered to sell as well. The undercover agent told Brown he would call him within forty-five minutes if he wanted to purchase the crack. Later, the vehicle in which Brown was riding was pulled over for a routine traffic stop. The vehicle fled, which led to a pursuit. After stopping the vehicle, Brown and another individual were taken into custody. There was $750.00 in the back seat of the car. The serial numbers on bills matched those of the buy money utilized by the undercover agent earlier that day.

Brown was indicted on December 8, 2004. He turned himself in to the court in January 2005 and was released to an in-patient drug treatment program. The government and Brown's retained counsel reached a plea agreement. As a part of the agreement, the government agreed to dismiss the first two counts of the indictment, and Brown agreed to plead guilty to Count 3. In addition, Brown was granted a three-point reduction for acceptance of responsibility.

At the change of plea proceeding, defendant pleaded guilty to Count 3, distribution of more than 5 but less than 50 grams of cocaine base. The government agreed not to move for a § 851 sentencing enhancement, which would have raised the minimum mandatory sentence from five years to ten years imprisonment. The agreement stated the stipulated amount for sentencing purposes was between 50 and 150 grams of cocaine base. *See* Plea Proceeding Tr. at 4 (docket entry 56).

2

At the sentencing hearing, defense counsel noticed the discrepancy between the amount

Brown pleaded to, 49.8 grams, and the stipulated amount, 50-150 grams. The matter was

brought to the Court's attention, and the Court called a recess to allow the parties to consult.

After the recess, the government conceded that it had intended for Brown to plead to 50-150

grams but would agree to the amount as charged in Count 3 and to which Brown pleaded, 49.8

grams, which fell within the 35 to 50 grams guideline range. After adjusting the base offense

level from 32 to 30 and subtracting three points for acceptance of responsibility, the Court

sentenced Brown based on a total offense level of 27.[1]   The Court determined the applicable

range of imprisonment was 78 to 97 months and sentenced Brown to 78 months imprisonment.

Brown filed an untimely Notice of Appeal.

## Discussion

In his motion pursuant to 28 U.S.C. § 2255, Brown alleges ineffective assistance of

counsel and failure of the sentencing court to personally address him.

### 1)    Ineffective Assistance of Counsel

To establish that he was deprived of effective assistance of counsel, Brown must

demonstrate first, that his counsel's performance was constitutionally deficient and second, that

the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687

(1984). The court need not address both components if the petitioner makes an insufficient

showing on one of the prongs. *Id.* at 697.

---

[1]Defendant's attorney objected to a 2-level enhancement for reckless endangerment based upon the allegation that defendant attempted to flee from the arresting officers. The government agreed that the enhancement was not supported by the evidence.

When examining whether an attorney has failed to meet the *Strickland* standard, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Furthermore, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. The correct inquiry is not whether counsel's decision was correct or wise, but whether it "was an unreasonable one which only an incompetent attorney would adopt" considering all the circumstances. *Parton v. Wyrick,* 704 F.2d 415, 417 (8th Cir. 1983).

The prejudice prong requires Brown to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694 (1984). "Prejudice, for purposes of an ineffective assistance of counsel claim, means that 'one's confidence in the outcome of the trial is undermined.'" *United States v. Flynn,* 87 F.3d 996, 1000-01 (8th Cir. 1996) (citations omitted).

**a.     Guilty Plea**

"To be valid, a guilty plea must be knowing and voluntary. Before entering judgment on a guilty plea, the district court makes 'such inquiry as shall satisfy it that there is a factual basis for the plea,' and at any time before sentencing the court 'may permit the plea to be withdrawn if the defendant shows any fair and just reason." *Walker v. United States,* 115 F.3d 603, 605 (8th Cir. 1997). "'The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom. When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting

4

aside a guilty plea should seldom arise.'" *Id.* at 604. A valid guilty plea waives all non-jurisdictional defects. *Id.*

Brown claims his counsel was ineffective because he advised and allowed him to plead guilty when he did not have a full understanding of the nature of the plea. As the transcript of the plea hearing reflects, the Court asked Brown a number of questions to establish that he was entering his plea knowingly and voluntarily. Brown acknowledged that the government stated correctly the criminal conduct in which he engaged, answered that the government had correctly recited the terms of the plea agreement, that no one was trying to force him to plead guilty, that he knew he had the right to a jury trial, and that he understood the statutory penalty. He agreed that what the government stated it would be prepared to prove at trial with respect to Count 3 was substantially correct, and pleaded guilty.

Brown argues in his *pro se* petition that the government never proved that 49.8 grams of cocaine base existed, and that the amount sold on January 7, 2004, was only 28 grams of cocaine base. He claims if his sentence had been based on 28 grams, his base offense level would have been Level 28, and with a three-point reduction for acceptance of responsibility, the sentencing range would have been 63-78 months. *See* docket entry 58 at 3.

The government states that the one-ounce quantity of crack cocaine sold to the undercover agent weighed approximately 24.8 grams, as determined by the DEA South Central Lab. Brown admitted during his plea proceeding that on January 7, 2004, he sold an ounce of crack cocaine and offered to sell an additional ounce. Consequently, two ounces of the same substance would have weighed approximately 49.8 grams. That is the amount charged in Count 3 of the indictment to which petitioner pleaded guilty.

Brown argues that two ounces of cocaine base weighs approximately 56 grams, not the 49 grams as charged and, therefore, the government could not prove 49.8 grams. According to the government, a weight of 56 grams would place Brown within the higher classification level of more than 50 but less than 150 grams and, thereby increase his sentencing range from 78-97 months to 121-151 months. The government asserts it abided by the terms of the plea agreement by holding Brown responsible for only 49.8 grams, not 56 grams. The Court finds there is nothing in the record or the pleadings to support Brown's claim that his plea was not knowingly and voluntarily made. The transcript reflects Brown had a complete and full understanding of the significance and nature of the plea. Therefore, Brown does not have a right to withdraw his plea.

**b.      Failure to File an Appeal**

Brown also claims his counsel was ineffective because he failed to file a timely notice of appeal. He asserts he asked his counsel to file an appeal and paid him to do so. When a defendant alleges that he asked his attorney to file an appeal and the attorney did not, such failure is considered to be deficient *per se* and the defendant is not required to show that a direct appeal would have been successful or even to suggest what issues may have been presented on appeal. *See Holloway v. United States*, 960 F.2d 1348 (8th Cir. 1992); *Hollis v. United States*, 687 F.2d 257 (8th Cir. 1982). Thus, if in fact Brown instructed his counsel to file an appeal, the Court would be compelled to hold that counsel's failure to file a notice of appeal constitutes ineffective assistance of counsel.

The Court finds petitioner fails to establish he timely asked his attorney to file a notice of appeal. Brown was sentenced in March 2006. He testified that while in transit to prison, he

6

telephoned his attorney, talked to the secretary, but did not leave a message for his attorney because he intended to call back. Brown further testified that his girlfriend called his attorney. However, there is no evidence that Brown's girlfriend asked Brown's attorney to file an appeal. Brown's attorney confirmed Brown's girlfriend called his office several times, but said the telephone records show she was calling about Brown's drug treatment program and his electronic monitoring. Brown's attorney testified that in May 2006 he spoke with Brown and received a letter from him regarding an appeal, but the time for an appeal had expired by then. He also said Brown's girlfriend called in May 2006 to ask how much an appeal would cost. The Court finds no evidence to establish that Brown or anyone acting on his behalf timely asked his attorney to file a notice of appeal.

The Court further finds Brown's attorney did not consult with him concerning his right to appeal. Pursuant to *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), once it is determined that counsel failed to file an appeal without first obtaining defendant's express consent to that effect, a court must inquire whether the failure to consult constituted deficient performance. *See United States v. Vazquez-Munoz*, 543 F.Supp.2d 1078 (N.D.Iowa 2006).

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a

7

rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Flores-Ortega*, 528 U.S. at 480.

The Court finds there was no reason for Brown's counsel to believe that a rational defendant in Brown's position would have wanted to appeal. Brown testified that he believed that when he was pleading to 5 to 50 grams of cocaine base, he was pleading not to the 49.8 grams set forth in Count 3 but to 24.8 grams, which was the net weight revealed from tests from the crime lab. He contends he would have appealed whether the one ounce that was not transferred should be counted against him. The Court finds an appeal on that basis would be frivolous.

Count 3 clearly charges Brown with 49.8 grams, and Brown pleaded guilty to Count 3. Brown contends that if his offense level were based on the amount he thought he was pleading to, the guidelines sentencing range would have been lower. The Court finds Brown's counsel reviewed the presentence report with him. While the Court agrees it could have made a slight difference in the sentencing range if the amount had been 24.8 grams, the Court finds counsel's conduct was not prejudicial. Brown had already received considerable deference from the Court and it is doubtful his sentence would have been less than 78 months.

The Court therefore finds petitioner's claim of ineffective assistance of counsel as to the issue of failure to appeal is without merit. Based on all the information he had at the time, there was no reason for his counsel to think Brown would want to appeal.

2)   **Right to Address the Court**

Petitioner's final point for relief is that the district court failed to personally address him and allow him to give a statement about his sentence and to introduce information to mitigate his punishment. Rule 32(i)(4)(A)(ii) of the Federal Rules of Criminal Procedure states that before

imposing sentence, the court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Failure to follow the formal requirements of the rule "is not of itself an error that can be raised by collateral attack . . ." *Hill v. United States,* 368 U.S. 424, 426 (1962). Brown failed to raise this issue in a timely appeal. Furthermore, the record reflects the Court complied with the rule.

According to the transcript, before imposing his sentence, the Court asked Brown if he had anything to say. Brown responded by asking the Court "to show [him] a little mercy, asserting he was not a drug dealer, had been doing a favor for someone, has a family, had changed his life, and had been "clean" for over a year." After responding to his statements, the Court asked Brown if he had anything else to say. Brown again asked for mercy. *See* Sent. Tr. at 16-7 (docket entry 57). There is no merit to this claim for relief.

## Conclusion

IT IS THEREFORE ORDERED that the motion for relief pursuant to 28 U.S.C. § 2255 is denied.

DATED this 16th day of July 2007.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE


9